NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ALBERT EDWARD NASH, JR., *Appellant*.

No. 1 CA-CR 16-0075
FILED 5-17-2016

---

Appeal from the Superior Court in Yavapai County
No. P1300CR14337
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

David Goldberg Attorney at Law, Ft. Collins, CO
By David Goldberg
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

**¶1**　　　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Albert Edward Nash, Jr., has advised us that he has been unable to discover any arguable questions of law after searching the entire record, and has filed a brief requesting us to conduct an *Anders* review of the record. Nash did not take the opportunity to file a supplemental brief.

### FACTS[1]

**¶2**　　　　Nash pled guilty to two counts of attempted child molestation in 1990, and was sentenced to prison for one count, and given a suspended sentence of twenty years' probation for the second count. *State v. Nash*, 1 CA-CR 15-0162, 2015 WL 6499499, at *1, ¶ 2 (Ariz. App. Oct. 27, 2015) (mem. decision). In 2009, while on probation, Nash pled guilty to furnishing harmful items to minors, and was sentenced to six years in prison. *Id.* at ¶ 2. Because the offense was a violation of the conditions of his probation, the court ordered that probation be reinstated for his lifetime upon his release from prison for the 2009 offense. *Id.*

**¶3**　　　　In October 2014, Nash's probation officer filed a petition to revoke Nash's probation, alleging that Nash was in possession of sexually explicit material, and had been near a park or school primarily used by children on two occasions. *Id.* at ¶¶ 3-4. After a contested hearing, the superior court revoked Nash's probation, sentenced him to six years in prison, and Nash appealed. *Id.* at *1-3, ¶¶ 5-13.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

¶4            On appeal, we found there was insufficient evidence to support the allegation that Nash had been near a park primarily used by minors, *id.* at *8, ¶ 37, and remanded the case because we could not determine "whether the superior court would have still revoked probation and sentenced Nash to six years' imprisonment based only on the two violations that remaine[d]."  *Id.* at *10, ¶ 46.

¶5            On remand, and after a disposition hearing, the superior court took into consideration the mitigating evidence previously filed, and the fact that only two of the violations were upheld on appeal, and changed Nash's sentence.  The court revoked Nash's probation, sentenced him to a term of five years in prison, and gave him 608 days of presentence incarceration credit.  Nash appeals, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

¶6            We have read and considered counsel's brief and have searched the entire record for reversible error.  We find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The record, as presented, reveals that Nash was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits.

¶7            After this decision is filed, counsel's obligation to represent Nash in this appeal has ended.  Counsel must only inform Nash of the status of the appeal and Nash's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Nash may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

---

[2] We cite the current version of the applicable statutes absent changes material to this decision.

**CONCLUSION**

¶8          Accordingly, we affirm the sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama